# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KIMBERLY K. BUTLER, a single person,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | NO.<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 |

TO:　　　　CLERK OF THE COURT

AND TO:　　Plaintiff

AND TO:　　T. Jeffrey Keane, her attorney

　　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant State Farm Mutual Automobile Insurance Company hereby removes the King County Superior Court action described below to the United States District Court for the Western District of Washington at Seattle. In support thereof, defendant states as follows:

　　　　1.　Kimberly K. Butler filed a civil action in King County Superior Court against Justin K. Wong entitled *Butler v. Wong*, King County Cause Number 13-2-20659-5 SEA, on May 13, 2013. On October 23, 2013, plaintiff amended her complaint to remove Justin K. Wong as a defendant and plead claims against a new defendant, State Farm Mutual Automobile Insurance Company.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 – 1

067826.099971 493743.docx

2. Plaintiff entitled the first amended complaint "Plaintiff's First Amended Complaint for Insurance Bad Faith, Violations of the Insurance Fair Conduct Act, Violation of Fiduciary and Quasi-Fiduciary Duties, and Breach of Contract". Plaintiff served State Farm Mutual Automobile Insurance Company with the amended complaint on October 25, 2013. A true and correct copy of the pleadings served on State Farm Mutual Automobile Insurance Company is attached as Exhibit A.

3. The first amended complaint pleaded claims relating to the handling of plaintiff's claim for medical expenses under the Personal Injury Protection coverage in her automobile insurance policy. Defendant did not believe that the amount in controversy for the claims pleaded in the first amended complaint exceeded $75,000 exclusive of interest and costs. Therefore, this action was not removable to federal court when the first amended complaint was filed.

4. On October 24, 2014, counsel for defendant received Plaintiff's Motion for Leave to File Second Amended Complaint. This document was accompanied by a proposed second amended complaint, which plaintiff entitled "Plaintiff's Second Amended Complaint for Insurance Bad Faith, Violations of the Insurance Fair Conduct Act, Violation of Fiduciary and Quasi-Fiduciary Duties, and Breach of Contract". A true and correct copy of Plaintiff's Motion for Leave to File Second Amended Complaint with the proposed second amended complaint is attached as Exhibit B.

5. Plaintiff's motion to amend her complaint seeks to add claims relating to the underinsured motorist coverage in her automobile insurance policy. (See Exhibit B, Motion at 2, ll. 1-4) The new claims pleaded in the second amended complaint now make this action removable to federal court.

6. The action is one in which the United States District Court is given original jurisdiction by reason of complete diversity of citizenship and the requisite amount in controversy pursuant to Title 28 U.S.C. § 1332.

7. Venue is proper in the United States District Court for the Western District of Washington, in that defendant does business in King County, Washington. 28 U.S.C. § 1391.

8. The suit is between plaintiff Kimberly K. Butler, a resident of King County, Washington, and defendant State Farm Mutual Automobile Insurance Company, an Illinois corporation with its principal place of business in Illinois.

9. Defendant has a good-faith belief that the amount in controversy for the claims pleaded in the second amended complaint exceeds $75,000 exclusive of interest and costs. Plaintiff now alleges that her automobile insurance policy provided Underinsured/Uninsured Motorist coverage with a policy limit of $100,000. (Second Amended Complaint, ¶ 3.1) She further alleges that it was reasonably clear plaintiff had a policy limits UIM claim, and that her claim had value at or above the applicable limit, yet defendant failed and refused to make payment. (Id., ¶ 3.10; see also ¶ 4.32) This was defendant's first notice that plaintiff's claimed damages exceed $75,000.

10. Removal to federal court is appropriate in any civil action brought in state court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441.

11. As of the date of the filing of this Notice of Removal of Civil Action, 30 days or less have elapsed from the time this matter first became removable, and less than one year has elapsed since the action was originally served on defendant. Defendant State Farm Mutual Automobile Insurance Company was originally served with process on October 25,

2013.

12. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal of Civil Action are being served upon plaintiff's attorney and filed with the Clerk of the Superior Court of the State of Washington for King County.

13. By filing this Notice of Removal, defendant does not waive, and instead expressly reserves, all rights, defenses or objections of any nature that it may have with respect to plaintiff's claims.

DATED this 24th day of October, 2014.

        REED McCLURE

        By _____
          Michael S. Rogers, WSBA #16423
          Attorneys for Defendant
          1215 Fourth Avenue, Suite 1700
          Seattle, WA  98161-1087
          mrogers@rmlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

T. Jeffrey Keane
Law Offices of T. Jeffrey Keane, PLLC
100 NE Northlake Way, Suite 200
Seattle, WA  98105-6871

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated October 24, 2014, at Seattle, Washington.

*Katherine McBride*
Katherine McBride

CERTIFICATE OF SERVICE – 5

067826.099971 493743.docx